

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2003

# USA v. Cruz

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2008

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Cruz" (2003). *2003 Decisions.* Paper 17.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/17

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2008

UNITED STATES OF AMERICA

v.

DAISY CRUZ,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 02-cr-00507)
District Judge:  Honorable Dennis M. Cavanaugh

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2003

Before:  RENDELL, BARRY and CHERTOFF, Circuit Judges.

(Filed December 31, 2003)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Daisy Cruz challenges the District Court's refusal to reduce her offense level based

on her role as a minor participant in the offense, and the Court's refusal to depart

downward under U.S.S.G. § 5K2.0 based on the circumstances of her prison detention

and her poor health and narcotic addiction. She pled guilty to knowingly and intentionally conspiring and agreeing to distribute and to possess with intent to distribute more than 50 grams of cocaine base, namely, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(B)(1)(A)(iii) and 18 U.S.C. § 2; she was sentenced to the lower end of the guideline range, 87 months.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction to review the sentencing orders of the District Court pursuant to 18 U.S.C. §§ 1291 and 3742(a).

We must sustain the District Court's factual findings regarding the offense level reduction unless they are clearly erroneous. United States v. Perez, 280 F.3d 318, 351 (3d Cir. 2002). We exercise plenary review over the District Court's "interpretation and application of the Sentencing Guidelines." United States v. Figueroa, 105 F.3d 874, 875-76 (3d Cir. 1997). But where the District Court "was aware of its authority to depart from the Guidelines, and chose not to," we are without jurisdiction to review the merits of the sentencing decision. United States v. Georgiadis, 933 F.2d 1219, 1222 (3d Cir. 1991).

With respect to the refusal to reduce Cruz's offense level reduction, the "minor role" adjustment provided for under section 3B1.2(b) is reserved for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, app. n.5. This determination is essentially fact-based, concentrating on the defendant's relationship to other participants, the importance of the

defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise. United States v. Isaza-Zapata, 148 F.3d 236, 239 (3d Cir. 1998) (quoting United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991)). Here, the District Court carefully analyzed the appropriate factors and discussed them in reaching its conclusion, noting that there was "no question but that the defendant was aware of the drug distribution process, the proceeds involved, and she was a willing participant of this scheme."

Cruz had recruited and directed the actions of her co-defendant, Perez, and had negotiated the transaction with the undercover officer before her arrest, and had also been observed previously supplying known drug dealers. We conclude that the District Court's determination that Cruz was not a "minor participant" was supported by the record and was not clearly erroneous.

With respect to the downward departure sought by Cruz on the basis of her ill health, her addiction, and the inhumane conditions of her confinement, the District Court concluded that although these factors might provide a basis for departing under certain extreme circumstances, a departure was not warranted in Cruz's situation. The record shows that the District Court applied the proper sections of the Guidelines, and there is no indication that the District Court "believed erroneously it lacked authority to depart, or that it failed to consider [Cruz's] request for a downward departure." Georgiadis, 933 F.2d at 1223 (citation omitted). Thus, under our case law as it currently stands, we are

compelled to conclude that we lack jurisdiction to consider the merits of Cruz's departure request.  See United States v. Denardi, 892 F.2d 269, 272 (3d Cir. 1990).

Accordingly, we will affirm the Judgment and Conviction Order of the District Court.

_____

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/ *Marjorie O. Rendell*

Circuit Judge